1  William M. Audet (SBN 117456)
   S. Clinton Woods (SBN 246054)
2  Ling Y. Kuang (SBN 296873)
       waudet@audetlaw.com
3      cwoods@audetlaw.com
       lkuang@audetlaw.com
4
   **AUDET & PARTNERS, LLP**
5   711 Van Ness Avenue, Suite 500
    San Francisco, CA 94102-3275
6   Telephone:   (415) 568-2555
    Facsimile:    (415) 568-2556
7
   *Attorneys for Plaintiffs Brent Jones*
8  *and Karen Palmer, on behalf of themselves*
   *and all others similarly situated*
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12

13  BRENT JONES and KAREN PALMER,          **Case No:**
    individually, and on behalf all others
14  similarly situated,
                                           **CLASS ACTION COMPLAINT**
15                    Plaintiffs,

16          v.                             **JURY TRIAL DEMANDED**

17  APPLE INC.
18
                      Defendant.
19

20

21

22

23

24

25

26

27

28

Plaintiffs BRENT JONES and KAREN PALMER, individually, and on behalf all others similarly situated, bring this class action lawsuit against Defendant Apple Inc., based upon personal knowledge of the facts pertaining to themselves, and upon information and belief as to all other matters, do hereby allege as follows:

## NATURE OF ACTION

1.    Apple Inc. ("Apple" or "Defendant") is one of the largest multinational corporations in the world. Apple's business model touches on (and dominates) the fields of consumer electronics, computer software, and the digital distribution of media content.

2.    Apple's most well-known (and most profitable) core-product line is the trademark "iPhone" smartphones. Since the advent of the "original" iPhone in 2007, and through the end of 2016, Apple has introduced and sold 15 separate iPhone models to the U.S. consumer public:



3.    With the additional release of the iPhone 8, iPhone 8 Plus, and iPhone X models in September 2017, Apple leads the U.S. smartphone market at having shipped over **12 million** iPhone

CLASS ACTION COMPLAINT

1    units in the third quarter of 2017 alone. In fact, "Apple is expected to see record breaking

2    performance for its Q1 2018." [1]

3        4.    Apple's successful iPhone products have always been paired with Apple's own

4    proprietary mobile operating system—the iOS. The iOS is the electronic platform, or software, that

5    these iPhones (and other Apple products) function on. In essence, the iOS is the backbone upon

6    which Apple's products operate and in which Apple exerts never-ending control and influence upon

7    consumers who purchase their products.

8        5.    Apple maintains control of the creation, design, and features of any iOS update, and,

9    in fact, has been described as exerting a near monopolistic control over a consumer's iPhone

10   experience via the iOS. [2]

11       6.    The iOS is not a static system. It undergoes continuous changes (indicated by a

12   version number and a build designation). As of January 8, 2018, the latest version of the iOS is

13   version 11.2.2 (build 15C202).

14       7.    During each 'update' of the iOS, consumers are urged and encouraged by Apple to

15   'update' their iOS version to the latest in order to enjoy a better user experience. As alleged herein,

16   Apple in fact significantly degraded the user experience with certain iOS updates.

17       8.    This case concerns Apple's (now-admitted) business decision to 'throttle' or

18   slowdown iPhones that have been sold to the U.S. public at large—via its iOS 'upgrades' or

19   updates. Apple's actions were taken without the public's knowledge—and certainly without the

20   public's consent.  The members of the Proposed Class as defined herein (*see*, *infra*) are members of

21   the consumer public that have owned or owns an older iPhone model, and was subjected to the

22   undisclosed and harmful interference that Apple exerted onto their smartphone and their property.

23   _____

24   [1] *See* Michael Potuck, *Report: iPhone beat out Samsung in US smartphone sales last quarter*,
     9TO5MAC (Nov. 7, 2017) (available at: https://9to5mac.com/2017/11/07/us-iphone-marketshare/)

25   ("Apple had a strong previous quarter, posting 46.7 million iPhones sold worldwide with quarterly
     revenue of $52.6 billion.")

26   [2] *See* David Price, *Apple and its iOS 'monopoly'*, MACWORLD (Jan. 8, 2014) (available at:

27   https://www.macworld.co.uk/news/iosapps/apple-its-ios-monopoly-3495987/) ("So if you want
     Apple's hardware [like the iPhone products], you're forced to accept Apple's software too - not just

28   essential infrastructure like iOS but a range of utilities and sales portals too - and you can't delete
     any of Apple's software from your device.")

A&P | AUDET & PARTNERS LLP

As a result of Apple's chosen actions, Plaintiffs and Class Members experienced, amongst other harms, slower phone speeds, degraded performance, shutdowns without warning, or loss of power and sudden rebooting of the iPhone device.

- **History of Consumer Suspicions**

9.    For years now, Apple customers have long suspected that Apple intentionally slows down older devices in order to force their loyal user base to upgrade or purchase newer products—even when purchases of brand new iPhones were unwarranted: [3]

Q: Why does apple slow down old devices?

I am so upset with apple because i have an iPad 2 that i literally rarely ever used and is pretty much new but yet its so slow. **This started after i updated my ipad i hadn't updated my iPad for about 2.5 years and then all of the sudden it just completely slowed down!** I am a die hard apple fan i've had everything apple for about a decade because I thought and always believed that they made superior products. But now i am realizing that their products are not made to last! I am not the only one with this problem either my sister has a white apple macbook and same thing has happened to her! Her macbook is horribly slow and just a terribly laptop now she has only had it for about 3 years and it is literally worthless now. i don't get it apple! Why do you do this to your customers! You create nice products that only seemed to be temporary you are ripping us off! Why now i don't even want to buy an iPhone Im trying to look for alternatives! Please answer my question! Does anyone else have this issue with their apple products? This seems so suspicious! I even refuse to update my macbook air because i am afraid apple is going to slow it down!

https://discussions.apple.com/thread/7527129 (Posted Apr. 9, 2016) (emphasis added) (last accessed Jan. 14, 2018).

Why does an iPhone slow down after updating the software? How can this be fixed?

https://www.quora.com/Why-does-an-iPhone-slow-down-after-updating-the-software-How-can-this-be-fixed (Posted Oct. 19, 2016) (last accessed Jan. 14, 2018).

Unwrap the newest iPhone 7 or 7 Plus, and on the latest iOS version both will feel buttery smooth with zero indication of lag or a slowdown. It's a cycle every year: the newest iPhone will undoubtedly perform flawlessly on its respective iOS version that was released alongside it for at the least its first few months. **Then, magically as if it was by design it'll begin to exhibit the slightest hiccups and holdups just doing menial tasks.**

Sure, Apple does add new features every year to iOS that use up more resources. It's not expected that an iPhone 7 that feels absolutely smooth in every aspect today will feel the same way in five years. **However, having owned every**

---

[3] This suspected industry practice of artificially limiting a product's useful life (*i.e.*, make obsolete), is called 'planned obsolescence' and has been essentially outlawed in certain countries, such as France.

**single iPhone I am confident in stating that it's doubtful it will perform or feel the same in a year from now when iOS 11 is released.**

https://forums.macrumors.com/threads/planned-obsolescence-or-every-new-ios-update-making-iphones-older-than-the-newest-model-slower.2024532/ (Posted Dec. 29, 2016) (emphasis added) (last accessed Jan. 14, 2018).

Q: Extremely slow LTE on IPhone 5s after iOS 8 update

After updating to iOS 8, LTE speeds don't go past 0.20 Mbps.…Contacted AT&T tech support and followed all instructions, some the same that I previously found online. They determined it was a phone issue and to contact Apple Tech support. Contacted Apple and followed their instructions and no results. They advised me my iPhone 5S has 21 days left in warranty and to go to an Apple store for a tech to troubleshoot and if they cannot figure it out, they will replace the device. **I've had the device since Nov 2013 with no issues until iOS 8 update.**

https://discussions.apple.com/thread/6594387 (Posted Oct. 12, 2014) (emphasis added) (last accessed Jan. 14, 2018).

10.    In July 2016, as part of the widespread suspicions harbored by a significant portion of Apple's customer base, the online consumer group SumOfUS created a petition and demanded changes from Apple. [4] The petition also accused Apple of "sabotaging" devices with software upgrades designed to significantly slow down older models and force users to upgrade. At the time then, the petition contained what turned out to be a prophetic message: "Anyone with a perfectly functional iPhone or iPad bought two years ago would do well to ignore the [iOS] prompts to 'Install Now'." As of mid-January 2018, over 300,000 individuals have signed the online petition.

11.    Objective metrics further support the allegations that iOS updates cause uniform disruption to Apple devices, including the iPhone products: "Google Trends shows a spike in searches from people simply for 'iPhone slow' the moment Apple releases its latest model." Samuel Gibbs, *Why does my old iPhone seem to get slower before a new release?*, THE GUARDIAN (Jul. 29, 2014) (available at: https://www.theguardian.com/technology/2014/jul/29/old-iphone-slower).

12.    Despite the torrent of accusations and consumer suspicions, and the years-long queries by their loyal customer base, Apple never admitted that they intentionally slowed or

---

[4] Available at: https://actions.sumofus.org/a/planned-obsolescence-is-why-apple-isn-t-a-green-company/

CLASS ACTION COMPLAINT

1    degraded iPhones that were purchased by U.S. consumers (like members in the Proposed Class)—
2    **until now.**

3    • **Apple Caught Red-Handed**

4          13.    Prompted by postings on a social media website, computer developer John Poole, of
5    Canadian technology company Primate Labs, conducted independent testing of various models of
6    iPhones (with various iOS updates installed), to ascertain how iOS updates in-fact impacted an
7    iPhone's computer processing capabilities and speeds.

8          14.    On December 18, 2017, Mr. Poole posted the results of his testing: [5]



15          15.    He noted that "[t]he difference between [iOS updates] 10.2.0 and 10.2.1 is too abrupt
19    to be just a function of battery condition." He further stated that he "believe[s] (as do others) that
20    Apple introduced a change to limit performance when battery condition decreases past a certain
21    point."

22          16.    On December 20, 2017, prompted by various media requests for commentary, Apple
23    essentially confirmed that its iOS updates were indeed slowing down its iPhones without the
24    consumer's explicit knowledge or permission. *See* Tom Warren and Nick Statt, *Apple confirms*
25    *iPhones with older batteries will take hits in performance*, The Verge (Dec. 20, 2017) (available
26    at: https://www.theverge.com/2017/12/20/16800058/apple-iphone-slow-fix-battery-life-capacity).

27
28
_____
[5] Available at: https://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/

A&P | Audet & Partners LLP

- **Apple Apologizes**

17.    On December 28, 2017, Apple formally published a letter on its website and apologized. [6] As part of its efforts to curry good will with the public, Apple offered discounted replacement battery costs. However, these measures of compensation were woefully inadequate. [7]

18.    Despite the insufficiency of the battery replacements, even these "inadequate" measures have been further limited by Apple's arbitrary choice to exclude iPhone models pre-dating the iPhone 6 from the discounted batteries, and, potentially only providing the consumer with the battery replacement if it needs to actually be replaced. [8]

19.    Exacerbating the inadequacy of Apple's remedial actions is the fact that, by design, Apple's iPhones are difficult to access and repair. [9] Most Apple warranties are voided if consumers seek repairs from anyone but Apple themselves, further limiting a consumer's potential remedies. Given the cost and difficulty in repairing modern iPhones, consumers are forced to accept whatever repair proposals or suggestions Apple offers, with no easy recourse.

20.    Moreover, Apple has long promised that customers will never need to replace batteries. Then Apple's marketing vice president (and current VP of iOS, iPad and iPhone Product

---

[6] Available at: https://www.apple.com/iphone-battery-and-performance/ ("We know that some of you feel Apple has let you down. We apologize.")

[7] PATENTLY APPLE, *A South Korean Report points to prices of batteries from Samsung and LG and Laughs at Apple's False Battery Discount*, PATENTLY APPLE (Jan. 5, 2018) (available at: http://www.patentlyapple.com/patently-apple/2018/01/a-south-korean-report-points-to-prices-of-batteries-from-samsung-and-lg-and-laughs-at-apples-false-battery-discount.html) ("[R]eplacement costs for iPhone batteries are more than double those for other brand phones like Samsung, LG and Huawei…[however,] the battery capacity of iPhones are smaller than competing smartphones. The iPhone 6S and 7 have 1,715-milliamp-hour and 1,960mAh batteries, respectively, which compare to Samsung S8's 3,000mAh, LG G6's 3,300mAh and Huawei P9's 3,000mAh batteries."); *see also*, Samuel Axon, *After slowdown controversy, iPhone 6 Plus users must wait for batteries*, ARS TECHNICA (Jan. 11, 2018) ("Apple believes its supply of batteries for these devices will not meet demand") (available at: https://arstechnica.com/gadgets/2018/01/iphone-6-plus-users-must-wait-until-march-or-april-for-batteries-report-says/);

[8] *See supra*, n.6 ("Apple is reducing the price of an out-of-warranty iPhone battery replacement by $50 — from $79 to $29 — **for anyone with an iPhone 6 or later whose battery needs to be replaced**, available worldwide through December 2018.") (emphasis added).

[9] Nick Statt, *Why Apple and other tech companies are fighting to keep devices hard to repair*, THE VERGE (Aug. 3, 2017) (available at: https://www.theverge.com/2017/8/3/16087628/apple-e-waste-environmental-standards-ieee-right-to-repair).

CLASS ACTION COMPLAINT

Marketing) Mr. Greg (Joz) Joswiak proclaimed that "[m]ost iPhone users will realize, as most iPod customers realized, that they never needed to replace their batteries." **[10]** As alleged herein, this statement has turned out to be patently false.

- **Apple's Secrecy and Silence on Older iPhones**

21.    Apple is a "notoriously secretive" company—taking vast measures to prevent information from reaching both the general public and its own employees as well. **[11]**

22.    To date, Apple has neither (1) confirmed that its iOS updates also negatively impacted iPhones that were older than the iPhone 6 generation, nor (2) provided any information on what actions were taken against owners of iPhones older than the iPhone 6 generation. Apple's apology letter on December 28, 2017, clearly excluded this group of consumers from any replacement battery relief. *See supra*, n.8.

23.    Upon information and belief, Plaintiffs and members of the Proposed Class believe Apple intentionally, and without consent, interfered with or otherwise harmed Plaintiffs' and Class Member's user experience with the older generation of iPhones as defined (*infra*) further below. **[12]**

24.    Given the lack of available adequate relief, Plaintiffs makes the following allegations as stated herein, on behalf of themselves and all other similarly situated.

---

**[10]** Jason Snell, *The truth about iPhone battery lifespan*, MACWORLD (Jul. 12, 2007) (available at: https://www.macworld.com/article/1058916/smartphones/iphonebattery.html).

**[11]** Lisa Eadicicco, *The Real Problem With Apple Slowing Down Older iPhones*, TIME (Dec. 22, 2017) (available at: http://time.com/5078060/apple-iphone-slow-down-update/):

> Of course, Apple has never been known for its transparency. The company is notoriously secretive, even with its own employees, who get information on a need-to-know basis. And there are some iPhone specifications that aren't listed on Apple's website, such as battery capacity and memory, leading to a cottage industry of hardware tinkerers who test and poke and prod Apple's products to find out more about them than the company freely shares.

**[12]** As further support for the allegation that Apple also illegally affected the user experience of older iPhone owners, the U.S. government has demanded that Apple answer, by January 23, 2018, whether it throttled devices older than the iPhone 6 generation. *See generally*, Tony Romm, *A top U.S. lawmaker isn't too happy that Apple is slowing down old iPhones*, RECODE (Jan. 10, 2018) ("[Senator] Thune is demanding Apple answer a series of new questions — including **whether its "feature to throttle" in previous iterations of iOS slowed down performance on even older devices, like the iPhone 5.**") (emphasis added) (available at: https://www.recode.net/2018/1/10/16873326/apple-iphone-battery-senate-commerce-letter-john-thune).

CLASS ACTION COMPLAINT

**JURISDICTION & VENUE**

25.     This Court has subject matter jurisdiction over the state law claims asserted herein pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2), since some of the members of the Proposed Class (defined *infra*) are citizens of a State different from that of the Defendant and, upon the original filing of this Complaint, members of the putative class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

26.     The Court also has personal jurisdiction over the parties because Defendant Apple, Inc. conducts a major part of their national operations, advertising, and sales through continuous business activity in this District.

27.     Venue is further appropriate pursuant to 28 U.S.C. §1391 because Defendant conducts a large amount of their business in this District, and Defendant has substantial relationships in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm suffered by members of the Proposed Class occurred in this District.

**THE PARTIES**

28.     PLAINTIFF BRENT JONES ("JONES") is a resident of San Francisco, CA. Plaintiff Jones purchased the iPhone 5 approximately 5 years ago.

29.     Throughout Plaintiff Jones' ownership of the iPhone, and at Defendant's urging, Plaintiff Jones dutifully downloaded and installed iOS updates that were provided. At no time did Defendant Apple Inc. advise that installing any of its iOS updates, including iOS 10.2.1 and iOS 11.2, would result in the throttling, slowdown, downgrade or other forms of negative impact upon the performance of the iPhone under certain or any conditions. In fact, to Plaintiff Jones' recollection, the notices that were sent to the iPhone device regarding these updates said nothing about performance-throttling or the creation of any debilitating effect upon the smartphone. Nor did Plaintiff Jones ever consent or encourage Defendant to degrade the performance of the iPhone for any reason whatsoever.

CLASS ACTION COMPLAINT

30.    Nonetheless, Plaintiff Jones began noticing and experiencing degradation in the iPhone performance, speed, and/or lifespan. It was only recently that Plaintiff Jones became aware of the fact, due to national news reports, that Defendant had intentionally engaged in a concerted and systematic campaign to throttle or slowdown older iPhones without notifying the owner.

31.    As a result of the degradation in Mr. Jones' iPhone performance, Mr. Jones was forced to purchase and did purchase an expensive battery kit in an attempt to remedy the performance problems.

32.    PLAINTIFF KAREN PALMER("PALMER") is a resident of Riverside, CA. Plaintiff Palmer purchased the iPhone 4s approximately 5 years ago. .

33.    Throughout Plaintiff Palmer's ownership of the iPhone, and at Defendant's urging, Plaintiff Palmer dutifully downloaded and installed iOS updates that were provided. At no time did Defendant Apple Inc. advise that installing any of its iOS updates, including iOS 10.2.1 and iOS 11.2, would result in the throttling, slowdown, downgrade or other forms of negative impact upon the performance of the iPhone under certain or any conditions. In fact, to Plaintiff Palmer's recollection, the notices that were sent to the iPhone device regarding these updates said nothing about performance-throttling or the creation of any debilitating effect upon the smartphone. Nor did Plaintiff Palmer ever consent or encourage Defendant to degrade the performance of the iPhone for any reason whatsoever.

34.    Nonetheless, in or around October, 2017, Plaintiff Palmer began noticing and experiencing degradation in the iPhone performance, speed, and/or lifespan. It was only recently that Plaintiff Palmer became aware of the fact, due to national news reports, that Defendant had intentionally engaged in a concerted and systematic campaign to throttle or slowdown older iPhones without notifying the owner.

35.    Plaintiff Jones and Plaintiff Palmer (collectively, "Plaintiffs") bring this action on their own behalf and on behalf of all others similarly situated.

36.    Defendant Apple Inc. (hereafter, "Apple" or "Defendant") is a multinational corporation actively engaged in interstate commerce, organized under the laws of the State of

Delaware, with its principal place of business in the State of California, and headquartered in Cupertino, California.

**GENERAL ALLEGATIONS**

37.    Defendant claims that its battery may retain up to 80 percent of their original capacity at 500 complete charge cycles.

38.    Defendant claims that it slows down iPhone processors when the battery is wearing out.

39.    Defendant never requested consent nor did Plaintiffs at any time give consent for Defendant to slow down their iPhones.

40.    Plaintiffs and Class Members were never informed of the option, or given the option to bargain or choose whether they preferred to have their iPhones slower than normal.

41.    Plaintiffs and Class Members suffered interferences to their iPhone usage due to the intentional slowdowns caused by Defendant.

42.    Defendant's wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs' and Class Members' iPhones and further causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to adequate compensation.

**CLASS ALLEGATIONS**

43.    Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), individually, and as a class action on behalf of a class of individuals (the "Proposed Class") defined as:

> All individuals in the United States who currently own, or owned, an iPhone smartphone that was introduced to the general public prior to 2014 (including the following: iPhone 5c, iPhone 5s, iPhone 5, iPhone 4s, iPhone 4, iPhone 3GS, iPhone 3G, and the original iPhone), and which was updated with Apple's proprietary operating system iOS (hereinafter, collectively referred to as "Older iPhones").

44.    In addition, Plaintiff Jones seeks to represent the following subclass (the "Battery Subclass") defined as:

> All individuals in the United States who currently own, or owned, an iPhone smartphone that was introduced to the general public prior to 2014 (including the following: iPhone 5c, iPhone 5s, iPhone 5, iPhone 4s, iPhone 4, iPhone 3GS, iPhone 3G, and the original iPhone), and which was updated with Apple's proprietary operating system iOS (hereinafter, collectively referred to as "Older iPhones"), and who purchased or otherwise procured a battery replacement in an attempt to remedy performance issues during the class period.

45.    Specifically excluded from the proposed Class are: Defendant and its officers, directors, agents, trustees, parents, corporations, trusts, representatives, employees, principals, partners, joint ventures, and entities controlled by Defendant, Defendant's heirs, successors, assigns, or other persons or entities related to, or affiliated with, Defendant, the Judge(s) assigned to this action, and any member of their immediate families.

46.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment, amended complaint, or at class certification proceedings.

47.    *Numerosity*.  There are reportedly tens of millions of iPhone users nationwide, and therefore the members of the Proposed Class are so numerous that joinder of all individual members is impracticable. The exact number and identities of the Class Members are unknown to Plaintiffs at this time, but can be ascertained through appropriate discovery, including Defendant's own records.

48.    ***Commonality and Predominance***.  There are questions of law and fact, of common and general interest that exist, as to Plaintiffs and all members of the Proposed Class ("Class Members"), and predominate over any questions solely affecting individual Class Members. These questions include, *inter alia*:

a)    whether Defendant released and implemented iOS updates that slowed or otherwise impaired the performance of Older iPhones;

b)    whether Defendant falsely represented that its iOS updates were compatible with, and intended for use in, Older iPhones;

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

A&P AUDET & PARTNERS LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

c)    whether Defendant failed to disclose that its iOS updates caused the slowdown or impairment in performance of Older iPhones;

d)    whether Defendant concealed problems concerning the batteries used in Older iPhones;

e)    whether Mr. Jones and the members of the Battery Subclass should be reimbursed for their purchase of replacement batteries for their Older iPhones;

f)    whether Defendant violated the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §1750, *et seq.*;

g)    whether Defendant violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq.*;

h)    whether Defendants violated the False and Misleading Advertising Law ("FAL"), Cal. Bus. & Prof. Code §17500, *et seq.*;

i)    whether Defendant's actions proximately caused damages to Plaintiffs and the Class Members;

j)    what the measure of damages suffered by Plaintiffs and the Class, and the Battery Subclass is; and

k)    whether Defendant was unjustly enriched by the conduct complained herein.

49.    ***Typicality***.  The claims asserted by Plaintiffs are typical of all other Class Members. Plaintiffs' claims present class-wide legal and factual issues that arise out of the same course of deceptive conduct by Defendant. Plaintiffs, like all other Class Members, was harmed by Defendant's deceptive and misleading statements, and its conduct in forcing iPhone users to update to an iOS that adversely affected the functionality of their smartphones. All Class Members, including Plaintiffs, sustained similar economic damages arising out of Defendant' alleged common course of conduct.

50.    ***Adequacy***.  Plaintiffs will fairly and adequately protect the interests of the Class Members and has no interests antagonistic to those of the Class Members. Plaintiffs has retained counsel experienced in the prosecution and the successful settlement of nationwide and statewide class actions.

51.    **Superiority**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Further, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

52.    In the alternative, the Class may also be certified under Fed. R. Civ. P. 23(b)(2) because:

(i)    the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication, with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;

(ii)    the prosecution of separate actions by individual Class Members would create a risk of adjudications, with respect to them, that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(iii)    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

53.    Defendant has acted on grounds generally applicable to the entire Class with respect to the matters complained of herein, thereby making the class-wide relief sought herein appropriate with respect to Class Members as a whole.

## CAUSES OF ACTION

### COUNT I:  California's Consumer Legal Remedies Act ("CLRA")

(Cal. Civ. Code §§1750, *et seq.*)

**(On Behalf of Plaintiffs and the Proposed Class)**

54.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

55.    This Count is brought pursuant to the Consumers Legal Remedies Act ("CLRA"). Plaintiffs and members of the Proposed Class ("Class Members") are "consumers" as defined by Cal. Civ. Code §1761(d). Their purchases of smartphones manufactured by Defendant (hereafter, "Older iPhones") constitute transactions for the sale of "goods" within the meaning of Cal. Civ. Code §§1770(a) and 1761(a).

56.    Defendant, through its agents, employees, and/or subsidiaries, violated the CLRA by engaging in the following practices, proscribed by Cal. Civ. Code §1770(a), in transactions that were intended to result in, and did result in, the sale of the product in the State of California:

    a)    representing Older iPhones as having characteristics, uses, and benefits, which they did not in fact have;

    b)    representing Older iPhones as being of a particular standard, quality, or grade, which in fact, they were not;

    c)    advertising Older iPhones with the intent not to sell them as advertised;

    d)    representing that transactions involving the sale and purchase of Older iPhones conferred or involved certain rights and obligations, when such transaction did not; and e. representing Older iPhones as having been supplied in accordance with previous representations when in fact, they were not.

57.    Defendant knew, or should have known, that their representations and advertisements regarding the Older iPhones were false and misleading.

58.    Defendant' conduct is malicious, fraudulent, and wanton, and provided misleading information to Plaintiffs, the Proposed Class, and the general public.

A&P | AUDET & PARTNERS LLP

59.    By reason of the foregoing, Plaintiffs and Class Members have been irreparably harmed, entitling them to both injunctive relief and restitution. Thus, pursuant to Cal. Civ. Code §1782(d), Plaintiffs seeks a Court order enjoining the above-described wrongful acts and practices of Defendant and for restitution and disgorgement.

60.    Pursuant to §1782 of the CLRA, on or about January 16, 2018, Plaintiffs have notified Defendant, in writing, of the particular violations of §1770 of the Act and demanded that Defendant rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so. Plaintiffs sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

61.    Unless Defendant agrees to rectify the problems associated with the actions detailed above or give notice to all affected consumers within 30 days of the date of written notice pursuant to Cal. Civ. Code §1782, Plaintiffs will amend this Complaint to specifically seek an order awarding actual damages on the basis of these allegations.

62.    As a proximate result of Defendant's deceptive acts, Plaintiffs and the public, including the Proposed Class, have been damaged.

63.    Plaintiffs also seek injunctive relief for the violation of the CLRA.

64.    Plaintiffs further seeks attorneys' fees and costs as allowed by law.

**COUNT II:  California's Unfair Competition Law ("UCL")**

(Cal. Bus. & Prof. Code §§17200, *et seq.*)

**(On Behalf of Plaintiffs and the Proposed Class)**

65.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

66.    The UCL prohibits any "unlawful . . . business act or practice." Defendant, through its agents, employees, and/or subsidiaries, violated the UCL's prohibition against engaging in unlawful acts and practices by, *inter alia*: (a) engaging in fraudulent and deceitful conduct in

1    violation of Cal. Civ. Code §§1709 through 1711; and (b) engaging in practices that resulted in

2    transactions that violated the CLRA, as described above.

3            67.    Plaintiffs reserves the right to allege other violations of law, which constitute other

4    unlawful business acts or practices. Such conduct is ongoing and continues to this date.

5            68.    The UCL also prohibits any "unfair or fraudulent business act or practice." As

6    described herein, Defendant engaged in unfair business acts and practices by: (i) mischaracterizing

7    the adverse nature of its iOS updates (including, but not limited to, update 10.2.1 and subsequent

8    operating system updates), and failing to disclose that such updates were detrimental to the

9    performance of Older iPhones; (ii) falsely representing that its iOS updates (including, but not

10   limited to, update 10.2.1 and subsequent operating system updates) were fully compatible with, and

11   intended for use in, Older iPhones; (iii) forcing Plaintiffs and other Class Members to "update" their

12   Older iPhones, and prohibiting them from using previous versions of the iOS that performed better

13   and did not degrade their phones; (iv) intentionally throttling or slowing down the performance of

14   Older iPhones by requiring the use of the 'updated' software; and (v) concealing the existence of

15   battery problems in Older iPhones.

16           69.    Defendant's acts, omissions, misrepresentations, practices, and non-disclosures

17   alleged herein constitute "unfair" business acts and practices within the meaning of the UCL in that

18   Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral,

19   unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious, and the gravity

20   of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably

21   available alternatives to further Defendant's legitimate business interests, other than the conduct

22   described herein.

23           70.    Defendant's claims, non-disclosures, and misleading statements, as more fully set

24   forth above, were false, misleading, and/or likely to deceive the consuming public within the

25   meaning of the UCL. Defendant's conduct has caused, and continues to cause, substantial injury to

26   Plaintiffs and other members of the Proposed Class ("Class Members"). Plaintiffs has suffered

27   injury-in-fact and has lost money or property as a result of Defendant's unlawful and unfair

28   conduct.

CLASS ACTION COMPLAINT

71.     Plaintiffs, upon information and belief, alleges that the unlawful and unfair practices alleged herein are continuing in nature and are widespread practices engaged in and perpetrated by Defendant. Plaintiffs reserves the right to allege other unlawful or unfair business acts or practices.

72.     Pursuant to Cal. Bus. & Prof. Code §17203, Plaintiffs and the Class Members are entitled to an Order that requires Defendant to, *inter alia*:

   a)     desist the unlawful and unfair acts alleged herein;

   b)     repair or modify the iOS in a manner that returns full processing speed and complete functionality to Older iPhones;

   c)     implement a robust marketing campaign to fully inform the public that Defendant's iOS updates are slowing down and impairing the performance and functionality of Older iPhones;

   d)     provide owners of Older iPhones with new, fully-functioning batteries free of charge;

   e)     provide full restitution of all moneys paid to Defendant for the Older iPhones, or other amounts that were wrongfully acquired, obtained, and collected from Plaintiffs and the Class Members in connection with such phones;

   f)     pay pre-judgment interest at the highest rate allowable by law; and

   g)     pay attorneys' fees and costs incurred by counsel for Plaintiffs and the Class, pursuant to, *inter alia*, Cal. Civ. Code §1021.5.

**COUNT III:  California's False and Misleading Advertising Law ("FAL")**

(Cal. Bus. & Prof. Code §§17500, *et seq.*)

**(On Behalf of Plaintiffs and the Proposed Class)**

73.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

74.     Defendant's acts and practices, as described herein, have deceived and/or are likely to continue to deceive Class Members and the public. Defendant falsely advertised that its iOS updates (including, but not limited to, update 10.2.1 and subsequent operating system updates) were

A&P AUDET & PARTNERS LLP

fully compatible, and intended for use, with Older iPhones, and that such updates would not impair the operations or functionality of those phones. Also, in the alternative, Defendant falsely advertised that Older iPhones would not be impaired, or otherwise adversely impacted by, subsequent iOS updates (including, but not limited to, update 10.2.1 and subsequent operating system updates).

75.    By their actions, Defendant disseminated uniform advertising concerning its iOS updates and impact of such updates on Older iPhones that, by their very nature, are unfair, deceptive, untrue, or misleading within the meaning of Cal. Bus. & Prof. Code §17500, *et seq*. Such advertisements were likely to deceive the consumer public for the reasons detailed herein.

76.    The above-described false, misleading, and deceptive advertising Defendant disseminated continues to have a likelihood to deceive in that Defendant failed to disclose the true, adverse nature of iOS 10.2.1 and other iOS updates, and their detrimental impact on the performance of Older iPhones. Defendant failed to instigate a public information campaign to alert consumers of the adverse nature of iOS 10.2.1 and other iOS updates, and their detrimental impact on the performance of Older iPhones.

77.    In making and disseminating the statements alleged herein, Defendant knew, or should have known, their advertisements were untrue and misleading in violation of Cal. Bus. & Prof. Code §17500, *et seq*.

78.    Plaintiffs and the other Class Members based their decisions to purchase Older iPhones in substantial part on Defendant's omitted material facts. The revenues to Defendant attributable to products sold in those false and misleading advertisements amount to hundreds of millions of dollars. Plaintiffs and the Class were injured in fact and lost money or property as a result.

79.    The misrepresentations and non-disclosures by Defendant of the material facts detailed above constitute false and misleading advertising and, therefore, constitute a violation of Cal. Bus. & Prof. Code §17500, *et seq*.

80.    As a result of Defendant's wrongful conduct, Plaintiffs and the Class lost money. Plaintiffs and the Class are therefore entitled to restitution as appropriate for this cause of action.

1

2

**COUNT IV:  Breach of Implied Contract**

**(On Behalf of Plaintiffs and the Proposed Class)**

3      81.    Plaintiffs repeat and fully incorporate the allegations contained in each and every

4  paragraph of this Complaint.

5      82.    Defendant solicited and invited Plaintiffs and the members of the Class to buy new

6  iPhones. Plaintiffs and Class Members accepted Defendant's offers and bought iPhones from

7  Defendant.

8      83.    When Plaintiffs and Class Members bought iPhones from Defendant, Plaintiffs and

9  Class Members entered into implied contracts with Defendant to which Defendant agreed to not

10  purposefully interfere with, negatively affect, or otherwise harm Plaintiffs and Class Members'

11  usage of the device or the speed of the device.

12      84.    Each purchase made with Defendant by Plaintiffs and Class Members was made

13  pursuant to the mutually agreed-upon implied contract with Defendant under which Defendant

14  agreed to not purposefully interfere with, negatively affect, or otherwise harm Plaintiffs and Class

15  Members' usage or value of their iPhones.

16      85.    Plaintiffs and Class Members would not have bought iPhones from Defendant in the

17  absence of the implied contract between them and Defendant.

18      86.    Plaintiffs and Class Members fully performed their obligations under the implied

19  contracts with Defendant.

20      87.    Defendant breached the implied contracts made with Plaintiffs and Class Members

21  by purposefully slowing down Older iPhone models, including those purchased by Plaintiffs, when

22  new models are released. By failing to properly disclose such actions at the time, or such future

23  actions at the time of purchase when the parties entered into an agreement, Plaintiffs and members

24  of the Proposed Class were harmed.

25      88.    As a direct and proximate result of Defendant's breaches of the implied contracts

26  between Defendant and Plaintiffs and Class Members, Plaintiffs and Class Members sustained

27  actual losses and damages in a sum to be determined at trial.

28

1

2

**COUNT V:  Unjust Enrichment**

**(On Behalf of Plaintiffs and the Proposed Class)**

3

4

89.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

5

6

7

8

90.     As a direct, proximate, and foreseeable result of Defendant's acts and otherwise wrongful conduct, Plaintiffs and Class Members suffered damages. Defendant profited and benefitted from the unjust sale of Older iPhones, which caused Plaintiffs and Class Members to incur losses and damages.

9

10

11

91.     Defendant have voluntarily accepted and retained these profits and benefits, derived from their customers, including Plaintiffs and Class Members, with knowledge and awareness that retention of such profits and benefits is wrong and unlawful.

12

13

14

15

16

92.     By virtue of the conscious wrongdoing alleged in this Complaint, Defendant have been unjustly enriched at the expense of Plaintiffs and Class Members, who are entitled to, and hereby seek, the disgorgement and restitution of Defendant's wrongful profits, revenue, and benefits, to the extent and in the amount, deemed appropriate by the Court, and such other relief as the Court deems just and proper to remedy Defendant's unjust enrichment.

17

18

93.     Unless successful on the preceding counts of this Complaint, Plaintiffs and the Class have no adequate remedy at law.

19

20

21

**COUNT VI:  Misrepresentation**

**(On Behalf of Plaintiffs and the Proposed Class)**

22

23

94.     Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

24

25

95.     Defendant is a market leader in the smartphone industry and is one of the largest corporations in the world.

26

27

96.     Apple, Inc. management refers to the help staff at its Apple stores as "Apple Geniuses."

28

A&P | AUDET & PARTNERS LLP

CLASS ACTION COMPLAINT

1      97.    Apple Geniuses possess unique or specialized expertise and each help staff member

2  is in a special position of confidence and trust such that a special duty is created not to mislead

3  customers.

4      98.    Apple Geniuses recommended the download and installation of "updates" following

5  Plaintiffs' purchases of iPhones.

6      99.    Defendant also alerts its iPhone users with notices when upgrades are available,

7  sending messages directly to the customer and the customer's phone. The notices sent directly to

8  the phone promote the download and installation of "updates" when they are available.

9      100.    Defendant breached its duty to Plaintiffs when it promoted an upgrade to the

10  iPhone's performance level with knowledge that the upgrade was actually a downgrade.

11      101.    Defendant knew or should have known that its "updates" and accompanying

12  "update" descriptions would be relied on by Plaintiffs and other iPhone users in order for users to

13  monitor and maintain iPhone speed, efficiency, and overall performance.

14      102.    Plaintiffs and other iPhone users relied on Defendant's multiple "updates" and

15  "update" descriptions in furtherance of monitoring and maintaining iPhone speed, efficiency, and

16  overall performance.

17      103.    On or about December 20, 2017, Defendant admitted that sometimes its "updates"

18  actually caused a downgrade in iPhone performance by slowing down the iPhone's processor.

19      104.    On or about December 20, 2017, Defendant admitted that it failed to provide

20  adequate notification to customers of the "update's" downgrade capability following download and

21  installation.

22      105.    Plaintiffs and other iPhone users relied on Defendant's recommendations to

23  download and install the "updates" because users believed that these "updates" were an 'upgrade'

24  to the previous operating system and users, in fact, downloaded and installed the "updates."

25      106.    Plaintiffs and other iPhone users sustained damages as a result of reliance on

26  Defendant's assertions and recommendations to download and install "updates."

27

28

107.    Defendant knew or should have known that Plaintiffs' reliance was foreseeable here because Defendant routinely sends all its users downloadable updates throughout the lifespan of iPhones and until the respective support cutoff dates.

108.    Plaintiffs and Class Members sustained damages as a result of their reliance on Defendant's misrepresentations, thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial.

## COUNT VII:  Fraud

### (On Behalf of Plaintiffs and the Proposed Class)

109.    Plaintiffs repeat and fully incorporate the allegations contained in each and every paragraph of this Complaint.

110.    Defendant represented that its "updates" to its iOS were designed to improve iPhone performance, experience, and overall speed, or were designed to fix, remove, or prevent errors or other forms of negative impact upon the user's iPhone experience.

111.    The representations associated with these "updates" were material to Plaintiffs and members of the Proposed Class. Consumers value speed, power and performance (and an absence of technical problems) in their smartphones and their usage of such devices.

112.    Defendant, by admission on or about December 20, 2017, made clear that these "updates" were falsely represented and in fact were actual downgrades to an iPhone's speed, performance and processing capability.

113.    Defendant knew, or should have known, that these "updates" were falsely portrayed to the consumer public.

114.    Defendant, by admission on or about December 20, 2017, had a clear intent to deceive Plaintiffs and other iPhone users.

115.    Plaintiffs and Class Members did not and could not have known that Defendant's purported upgrades were in fact downgrades.

116.    Plaintiffs relied on Defendant's recommendations to download and install the "updates" because they believed that the "updates" were an upgrade to the previous operating system and, in fact, downloaded and installed the "updates."

117.    As with the Plaintiffs, similarly situated Class Members also relied on Defendant's recommendations and suffered the same loss of iPhone performance.

118.    Plaintiffs and Class Members had a right to rely on Defendant's representations with regard to their "updates" as Defendant maintained a monopolistic control on the what the "updates" included, when they were provided to consumers, how they were promoted to consumers and why consumers should update their iOS.

119.    Plaintiffs and Class Members sustained damages as a result of their reliance on Defendant's assertions and recommendations to download and install "updates," thus causing Plaintiffs and Class Members to sustain actual losses and damages in a sum to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief that this Court enter judgment in their favor and that of the Proposed Class, and against Defendant Apple, Inc., as follows:

A.    Certify the Proposed Class, as well as any suitable subclasses, under the appropriate sections of the Fed. R. Civ. P. 23;

B.    Appoint Plaintiffs and their legal counsel as both named representatives for the Proposed Class (or for any suitable subclasses), and as Class Counsel, respectively;

C.    Declare that the actions of Defendant Apple, Inc. violate both state and federal law, as set out above, including, *inter alia*, the Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*) and the Consumer Legal Remedies Act (Cal. Civ. Code §1750, *et seq.*);

D.    Award injunctive and equitable relief including, *inter alia*:

(i)    prohibiting Apple Inc. from engaging in the acts alleged above, such as the nonconsensual 'throttling' or slowdown of smartphones,

(ii)   requiring Apple Inc. to disgorge all of its ill-gotten gains to Plaintiffs and the Proposed Class, or to whomever the Court deems just and proper, and

(iii)  requiring Apple Inc. to disclose what other nonconsensual actions it may have taken that hampered or otherwise impeded Plaintiffs and the Proposed Class's use of their smartphones;

E.   Award Plaintiffs and the Proposed Class (or any suitable subclass):

(i)   actual, compensatory, and consequential damages,

(ii)  punitive and treble damages, as allowed for under the relevant laws,

(iii) restitution, disgorgement, reimbursement, and/or other equitable relief as the Court deems just and proper,

(iv)  costs, including experts' fees and attorneys' fees and expenses, and any other reasonable costs, and

(v)   pre- and post-judgment interest, to the extent allowed under the relevant laws;

F.   Restrain Apple Inc., their officers, agents, servants, employees, attorneys, and those in active concert or participation with them, from continued unauthorized 'throttling' or interference with that of the use of smartphones owned, leased, or in the possession of the Plaintiffs and the Proposed Class; and

G.   For such other and further relief that this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a jury trial on all claims and issues so triable.

Dated:  January 18, 2018

Respectfully submitted,

By:    /s/ *William Audet*

William M. Audet
S. Clinton Woods
Ling Y. Kuang

711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
Emails:      waudet@audetlaw.com
              cwoods@audetlaw.com
              lkuang@audetlaw.com

*Counsel for Plaintiffs Brent Jones,*
*and Karen Palmer, on behalf of themselves*
*and all others similarly situated*

CLASS ACTION COMPLAINT